## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL LOCKRIDGE,
individually and on behalf of all
others similarly situated,
    Plaintiff,

v.

QUALITY TEMPORARY
SERVICES, INC. d/b/a QUALIFIED
STAFFING
    Defendant.

Case No. 4:22-cv-12086

District Judge F. Kay Behm

**ORDER GRANTING
PRELIMINARY APPROVAL
OF CLASS ACTION
SETTLEMENT**

WHEREAS, on September 13, 2022, Plaintiff Michael Lochridge ("Plaintiff" or "Class Representative") filed a Class Action Complaint (the "Complaint") in the United States District Court for the Eastern District of Michigan against Defendant Quality Temporary Services, Inc. d/b/a Qualified Staffing ("Defendant" or "Qualified Staffing"). *See* ECF No. 4.

WHEREAS, on March 31, 2023, Plaintiff filed an Amended Class Action Complaint, asserting claims emanating from a data breach that took place on Defendant's network between September 28, 2021, and October 13, 2021. ECF No. 20.

WHEREAS, Qualified Staffing filed a Motion to Dismiss the Amended Complaint (ECF No. 22), which Plaintiff opposed. ECF No. 23.

WHEREAS, on June 30, 2023, the Court entered an Order, which granted Defendant's Motion to Dismiss as to Plaintiff's claims for unjust enrichment and injunctive relief but denied the motion as to Plaintiff's claims for negligence and breach of implied contract. ECF No. 27.

WHEREAS, Plaintiff individually and on behalf of all others similarly situated and the proposed Settlement Class (defined below), and Defendant (collectively, the "Settling Parties"), have entered into a Settlement Agreement resolving the Lawsuit, subject to Court approval;

WHEREAS, the Lawsuit was settled as a result of arm's-length negotiations facilitated by an experienced mediator, and investigation and discovery sufficient to permit counsel and the Court to act knowingly, and counsel are well experienced in similar class action litigation;

WHEREAS, Plaintiff, the proposed Class Representative, has moved the Court for entry of an Order Granting Preliminary Approval of Class Action Settlement and Conditionally Certifying the Settlement Classes ("Preliminary Order"), which requested the Court to approve the Settlement, conditionally certify the Settlement Class for settlement purposes only, and approve the form and method of notice upon the terms and conditions set forth in the Settlement Agreement, together with all exhibits thereto;

2

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court having considered the Settlement Agreement, together with all exhibits thereto and records in this case, and the arguments of counsel and for good cause appearing, **NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.     Pursuant to F.R.C.P. Rule 23 (b)(3) and (e) and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

> **The Settlement Class:** All U.S. residents who Qualified Staffing identified as being among those individuals impacted by the Data Breach, including all who were sent notice of the Data Breach.

The Settlement Class specifically excludes: (i) Defendants and their respective officers and directors (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be a guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

3.      The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4.      For the purposes of the settlement only, Plaintiff Michael Lochridge is preliminarily certified as Class Representative.

5.      The Court finds that A. Brooke Murphy and William B. Federman are experienced and adequate counsel and are hereby provisionally designated as Class Counsel under Fed. R. Civ. P. 23(a)(4).

6.      The Court preliminarily finds that the proposed settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive

negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7.      The Final Approval Hearing shall be held before this Court on July 18, 2024, at 2:00 p.m.   At this hearing, the Court will determine: (a) whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the [Proposed] Final Judgment and Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the settlement; (d) whether Plaintiff and Class Counsel should be finally appointed as Class Representative and Class Counsel; (e) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; and (f) any Service Award to the Class Representative. The Court will also hear any objections by Settlement Class Members to: (a) the settlement; (b) the award of attorneys' fees and costs to Class Counsel; and (c) service award to the Class Representative. Further, the Court will consider such other matters the Court deems appropriate.

8.      The Court approves, as to form and content, the use of the Class Claim Form in a form substantially similar to those attached as Exhibit A to the Settlement Agreement.

9.      The Court approves as to form and content the Long Form Notice to be posted on the Settlement Website, in a form substantially similar to the one attached as Exhibit B to the Settlement Agreement.

10.     The Court approves as to form and content, the Short Form Notice (Postcard Notice) to be mailed and/or emailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit C to the Settlement Agreement.

11.     The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the settlement and to apprise Settlement Class Members of their right to object to the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfies all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12.    The settlement claims administration firm Simpluris Legal Administration Services ("Settlement Administrator") is hereby appointed as Settlement Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below.

13.    No later than forty-five (45) days after entry of the Preliminary Approval Order (the "Short Notice Completion Date"), the Settlement Administrator will notify Settlement Class Members of the settlement with the Short Form Notices (Postcard Notices), substantially similar to the form attached to the Settlement Agreement as Exhibit C, via email to members of the Settlement Class for whom Defendants possess email addresses and via single postcard to members for whom the Defendants possess physical addresses. The Settlement Administrator will establish and maintain a Settlement Website, www.QualifiedStaffingDataSettlement.com, from the Notice Commencement Date until one hundred and eighty (180) days after the Effective Date. The Settlement Website will contain the Long Notice, the Claim Form, the Preliminary Approval Order, the Settlement Agreement, the Amended Class Action Complaint, and any other materials agreed upon by the parties and/or required by this Court. The Settlement Website shall also provide members of the Settlement Class with the ability to complete and submit the Claim Form electronically. A toll-free helpline with a live operator shall be made available to provide Settlement Class Members

with additional information about the Settlement, and the Settlement Administrator

will provide copies of the Long Notice and paper claim form upon request.

14.     Settlement Class Members who wish to submit a claim in the settlement

shall complete and submit Claim Forms in accordance with the instructions

contained therein. Any such claim must be postmarked or submitted electronically

no later than 90 days from the date that Class Notice commences (the "Claims

Deadline").

15.     The Claim Forms submitted by each Settlement Class Member must:

(a) be properly completed, signed, and submitted in a timely manner in accordance

with the Claims Deadline; (b) contain a statement that the claimant's claim is true

and correct  to the best of the claimant's knowledge and belief and is being made

under penalty of perjury; and (c) be accompanied by adequate supporting

documentation as required by and as specified in the Settlement Agreement.

16.     The Settlement Administrator shall provide the Settlement Class a

Reminder Notice at least thirty (30) days before the Claims Deadline, if requested

by Class Counsel.

17.     Any Settlement Class Member who files a Claim Form shall reasonably

cooperate with the Settlement Administrator and, if applicable, promptly responding

to any inquiry made by the Settlement Administrator within thirty (30) days. Any

Settlement Class Member who does not timely submit a Claim Form within the time

provided in the Settlement are barred from receiving any benefits under the Settlement Agreement.

18.    Settlement Class Members will have no later than sixty (60 days) from the Notice Commencement Date to decide whether to exclude themselves from the Settlement. Any Class Member wishing to exclude themselves from the Settlement Class shall individually sign and timely submit written notice of such intent to Settlement Administrator at the address provided in the Class Notice. A written opt-out notice must include an individual signature and state the name, address, and phone number of the person seeking exclusion. A written opt-out notice must also clearly manifest a person's wish to be excluded from the Settlement Class. To be effective, a written opt-out notice must be postmarked no later than Exclusion Deadline (60 Days after the Notice Commencement Date). Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of and/or be bound by the terms of the Settlement Agreement.

19.    Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the date the Notice Commencement Date, the Settlement Class Member files with the Court and mails to Class Counsel and the Defendants' counsel written objections

that include: (a) the objector's full name and address; (b) the case name and number; (c) information identifying the objector as a Settlement Class Member, including proof that the objectors is a member of the Settlement Class; (d) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (e) the identity of any and all counsel representing the objector in connection with the objection; (f) a statement whether the objector and/or his or her counsel will appear at the Final Approving Hearing; and (g) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. Should the objector wish to appear at the Final Approval Hearing, he or she must so state, and must identify any documents or witnesses he or she intends to call on his or her behalf. Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

20.    All opening briefs and documents in support of any application by Plaintiff for the Motions for a Service Award to Class Representative and for Attorney's Fees and Costs shall be filed and served by no later than fifteen (15) days prior to the deadline for Settlement Class Members to object or exclude themselves

from the Settlement Agreement. Plaintiff shall file a Motion for Final Approval of the Class Action Settlement at least thirty-five (35) days prior to the Final Approval Hearing.

21.     At or after the Final Approval Hearing, the Court shall determine whether any applications for the Class Counsel Service Awards and for Attorney's Fees and Costs should be approved. The Court reserves the right to enter a Final Judgment and Order approving the settlement regardless of whether it has awarded the Service Awards or Attorney's Fees and Costs.

22.     The Settlement Fund will be used to pay for Claims Administration, including all reasonable expenses incurred in identifying and notifying Settlement Class Members, the required CAFA Notice, any Service Awards, and Attorney's Fees and Costs.

23.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Lawsuit, or of any wrongdoing or liability of any kind.

24.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications

as may be agreed to by the Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

25.     If the Settlement Agreement and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement is terminated or canceled, the certification of the Settlement Class will be vacated, and the Lawsuit shall proceed as though the Settlement Class had never been certified without prejudice to either of the Parties' positions on the issue of class certification or any other issue.

26.     Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Lawsuit other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: March 13, 2024

s/F. Kay Behm
F. Kay Behm
United States District Court Judge