**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MICHAEL LOCKRIDGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY TEMPORARY SERVICES, INC. d/b/a QUALIFIED STAFFING<br><br>Defendant. | Case No. 4:22-cv-12086<br><br>District Judge F. Kay Behm |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff Michael Lochridge ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits this supplemental memorandum in further support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 42), and Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Service Award (ECF No. 41). Through this supplemental memorandum, Plaintiff provides the Court with updated Settlement claims information in advance of the Final Approval Hearing scheduled for July 18, 2024, at 2:00 p.m. (ET).[1]

---

[1] Unless otherwise stated, all capitalized terms shall have the definitions set forth in the Settlement Agreement (ECF No. 38-1).

1

The deadline for Settlement Class Members to object to or opt-out of the proposed Settlement passed on June 25, 2024. *See* Declaration of Christopher Leung of Simpluris, Inc. Regarding Updated Settlement Administration Information ("Leung Decl."), attached hereto as Exhibit 1, at ¶¶ 4-5. Plaintiff is pleased to report that *no* Settlement Class Members objected to the Settlement or the fees, expenses, and service award requested. *Id.*, ¶ 4. Plaintiff is also pleased to report that only *one* individual, out of 71,495 Settlement Class Members, elected to opt out of the Settlement Class. *Id.*, ¶ 5.

The lack of objections and the extremely low opt-out rate are indicia of the fairness of both the Settlement and the requested fees, expenses, and service award. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness."); *Luevano v. Campbell*, 93 F.R.D. 68, 91 (D.D.C. 1981) ("The fact that only one-sixth of one percent of the class has chosen to object to the settlement is an important indication of its fairness and adequacy."); *Van Lith v. iHeartMedia + Entm't, Inc.*, No. 1:16-cv-00066-SKO, 2017 WL 4340337, at *14 (E.D. Cal. Sept. 29, 2017) ("Indeed, it is established that the

absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.").

In addition, Plaintiff is pleased to report that, as of July 9, 2024, the Court-appointed Settlement Administrator has received 4,590 claims, representing an impressive claims rate of 6.42%. Leung Decl., ¶ 3. This claims rate exceeds the claims rates typically generated in data breach class action settlements. *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 321 (N.D. Cal. 2018) (finding that a 1.8% claims rate reflects a positive reaction by the class); *In re Wawa, Inc. Data Sec. Litig.*, No. CV 19-6019, 2022 WL 1173179, at *5 (E.D. Pa. Apr. 20, 2022) (finding that claims rate in "the range of 0.035 percent (without the expansion) to 2.6 percent (with the expansion) actually compares favorably with other data breach settlements"); *see, e.g., In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-md-2522, 2017 WL 2178306, at *1–2 (D. Minn. May 17, 2017), *aff'd*, 892 F.3d 968 (8th Cir. 2018) (approving data breach settlement with a claims rate of roughly 0.23 percent). The objectively high number of Class Members seeking to participate in the Settlement further supports the favorability and fairness of the Settlement as well as the requested fees, expenses, and service award to Plaintiff.

Based on the foregoing, Plaintiff respectfully requests that the Court grant final approval to the Settlement, award Class Counsel attorneys' fees and expenses,

and approve the service award to Plaintiff, in the amounts requested. An updated proposed Order, reflecting the solitary opt out, is provided herewith.

Dated: July 10, 2024

Respectfully submitted,

*/s/ A. Brooke Murphy*
A. Brooke Murphy
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
abm@murphylegalfirm.com

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel.: (405) 235-1560
wbf@federmanlaw.com

*Class Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ A. Brooke Murphy*
A. Brooke Murphy