# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LOCKRIDGE, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>QUALITY TEMPORARY SERVICES, INC. d/b/a QUALIFIED STAFFING<br><br>　　Defendant. | Case No. 4:22-cv-12086<br><br>District Judge F. Kay Behm<br><br>**FINAL JUDGMENT AND ORDER** |

　　Before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiff Michael Lochridge ("Plaintiff" or "Class Representative") and Defendant Quality Temporary Services, Inc. d/b/a Qualified Staffing ("Defendant" or "Qualified Staffing") as fair, reasonable and adequate.

　　Having reviewed and considered the Settlement Agreement and Plaintiff's Motion, and having conducted a Final Approval Hearing, the Court makes the

findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS 18th day of July, 2024, ORDERED** that:

1. Unless otherwise noted, words spelled in this Final Judgment and Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2. On March 8, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiff as the Class Representative and appointing A. Brooke Murphy and William B. Federman as Class Counsel; (d) preliminarily approved the

settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Approval Hearing.

3. In the Preliminary Approval Order, Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> **The Settlement Class:** All U.S. residents who Qualified Staffing identified as being among those individuals impacted by the Data Incident, including all who were sent notice of the Data Incident.

Excluded from the Settlement Class are: (i) Defendant and its officers and directors (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be a guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

5. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a. The establishment of a Settlement Fund in the amount of Two Million Dollars ($2,000,000.00).

b. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms to the Settlement Administrator will receive three years of credit monitoring and identity-protection services free of charge.

c. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms for lost time spent responding to the Data Incident to the Settlement Administrator are eligible to receive compensation up to $175.

d. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms with supporting documentation to the Settlement Administrator are eligible to receive compensation for unreimbursed losses up to a total of $7,500 that will be evaluated by the Settlement Administrator.

e. A process by which Settlement Class Members who submit a valid and timely Claim Forms are eligible to receive additional *pro rata* compensation of no more than $850 per person from the remaining Settlement Fund based upon the amount of funds available after the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the CAFA Notice, the cost of Credit Monitoring and Identity-Protection Services, claims for Out-of-Pocket Losses, and claims for Lost Time.

  f. Qualified Staffing has implemented improvements, and planned for future implementations, to improve its cybersecurity since the Data Incident to help mitigate the risk of similar data incidents. Costs associated with these business practice changes will be paid by Qualified Staffing separate and apart from other settlement benefits.

  g. All costs of class notice and claims administration shall be paid out of the Settlement Fund.

  h. Court-approved Service Award in the amount of $2,500 to Class Representative shall be paid out of the Settlement Fund.

  i. Court-approved attorneys' fees to Class Counsel in the amount of 30% of the Settlement Fund and reimbursement of litigation expenses up to $35,000, separate from any benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any Service Awards to Class Representatives, shall be paid out of the Settlement Fund.

  6. Commencing on the Notice Commencement Date, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator provided Notice to Settlement Class Members in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

    a. Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Amended Settlement Agreement;

    b. Advised Settlement Class Members of their right to request exclusion from the settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

    c. Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Fairness Hearing, and to state objections to the proposed settlement; and

    d. Provided the time, date, and place of the Final Fairness Hearing.

7. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

8. Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to Settlement Class Members as directed by this Court's orders.

9. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

10. As of the final date of time for opting out of the Settlement, one Settlement Class Member has submitted a valid request to be excluded from the settlement. That person is not bound by this Final Judgment and Order, as set forth in the Settlement Agreement.

11. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12. The Court awards Class Counsel $600,000 (30% of the Settlement Fund) in reasonable fees, and $22,290.47 in reimbursement of costs and expenses. The Court finds this amount to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

13. The Court awards a Service Award of $2,500 to the named Class Representative. The Court finds this amount is justified by the Class

Representative's service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

14. As of the Effective Date, Plaintiff named in the Settlement Agreement and Release and every Settlement Class Member (except those who timely opt out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release Defendant, its parents, subsidiaries, shareholders, members, and affiliates, and all of their present and former officers, directors, employees, agents, consultants, advisors, attorneys, representatives, insurers, reinsurers, and legal representatives from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to: (a) the Data Incident; and (b) all other claims arising out of the Data Incident that were asserted, or that could have been asserted, in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

15. Plaintiff and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

16.     Plaintiff and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. Plaintiff and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiff and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

17.     Notwithstanding Paragraphs 14-16, *supra*, the Parties expressly agree and acknowledge that the Release negotiated in the Settlement Agreement shall not apply to any litigation or claim not related to or arising out of the Data Incident.

18.     In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

19.     Released Claims shall not include the claims of those persons, if any, who have timely and validly requested exclusion from the Settlement Class.

20. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

21. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

22. If the Effective Date does not occur for any reason, the Lawsuit will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Lawsuit as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions,

negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Lawsuit.

23. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

24. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

25. In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment and Order in this matter.

**IT IS SO ORDERED.**

Dated: July 18, 2024

                          BY THE COURT:

                          <u>s/ F. Kay Behm</u>
                          F. Kay Behm
                          United States District Court Judge